IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALEXIS VALENTIN, | § | |
| | § | No. 53, 2017 |
| Defendant Below-<br>Appellant, | § | |
| | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1606001381(N) |
| Plaintiff Below-<br>Appellee. | § | |
| | § | |

Submitted: May 3, 2017
Decided: May 30, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

# **O R D E R**

This 30th day of May 2017, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)    On October 13, 2016, the appellant, Alexis Valentin, pled guilty to one count of Drug Dealing in a Tier 4 quantity. Valentin also admitted to violating probation on his prior conviction of Aggravated Possession. The Superior Court sentenced Valentin on his Drug Dealing conviction to a total period of twenty-five years at Level V incarceration, to be suspended after serving three years in prison for decreasing levels of supervision. This is Valentin's direct appeal.

(2)     Valentin's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c).  Valentin's counsel asserts that, after a complete and careful examination of the record, there are no arguably appealable issues.  By letter, Valentin's attorney informed him of the provisions of Rule 26(c) and provided Valentin with a copy of the motion to withdraw and the accompanying brief.  Valentin also was informed of his right to supplement his attorney's presentation.  Valentin has not raised any issues for this Court's consideration.  The State has responded to the position taken by Valentin's counsel and has moved to affirm the Superior Court's judgment.

(3)     The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold:  (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[*]

(4)     This Court has reviewed the record carefully and has concluded that Valentin's appeal is wholly without merit and devoid of any arguably appealable

---

[*]*Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

issue. We also are satisfied that Valentin's counsel has made a conscientious effort to examine the record and the law and has properly determined that Valentin could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

3